# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. ZERINA SPALDING,
                 Petitioner,

v.

DEPARTMENT OF THE TREASURY,
                 Agency.

DOCKET NUMBER
CB-1208-22-0016-U-2

DATE: September 9, 2022

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Julie R. Figueira, Esquire, Malvina Winston, Esquire and Paul David Metcalf, Jr., Esquire, Washington, D.C., for the petitioner.

Corlie McCormick, Jr., Esquire, Crofton, Maryland, for the relator.

Ralph C. Conte, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the Department of the Treasury's (the agency) proposed removal while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2        On July 25, 2022, OSC requested a 45-day initial stay of the proposed removal of Ms. Spalding based on a charge of misconduct.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Stay Request File (U-1 SRF), Tab 1.  In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's proposed action was in retaliation for Ms. Spalding's protected activity under 5 U.S.C. § 2302(b)(1) and (b)(8).  *Id.*  On July 28, 2022, OSC's initial stay request was granted through and including September 10, 2022.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Order on Stay Request, ¶¶ 1, 7 (July 28, 2022).

¶3        On August 26, 2022, OSC filed a timely request to extend the stay for an additional 60 days.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Stay Request File (U-2 SRF), Tab 1.  The agency timely filed a response in opposition to OSC's request. U-2 SRF, Tab 3.

## ANALYSIS

¶4        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited

personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5    In its request for an extension, OSC asserts that it has issued a request for information and documents to the agency and has obtained additional testimony from witnesses. U-2 SRF, Tab 1 at 5. OSC also states that it intends to continue its investigation while awaiting the agency's complete response to its request for information and documents, including interviewing additional witnesses. *Id.*

¶6    In response, the agency opposes OSC's request for a stay extension, arguing that granting the extension would be unreasonable and inappropriate under the circumstances. U-2 SRF, Tab 3 at 4-11. Specifically, the agency argues that the substance of Ms. Spalding's protected activity is essentially a claim of retaliation under title VII and that the Board has held in similar circumstances that claims of retaliation for activity protected under title VII do not constitute protected activity under 5 U.S.C. § 2302(b)(8). *Id.* at 4-5 (citing *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 23-25). Observing that OSC regularly defers claims of retaliation for activity protected under title VII to the Equal Employment Opportunity Commission, the agency argues that the Board should reject OSC's request for an extension. *Id.* at 5.

¶7    Viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation, attempt a resolution of this matter and, if necessary, pursue

corrective action before the Board.[2]  *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997).

¶8    In its response in opposition to the stay extension request, the agency requested that Ms. Spalding be placed in an administrative leave status and produced evidence demonstrating that neither OSC nor Ms. Spalding object to her placement in such a status while OSC conducts its investigation.  U-2 SRF, Tab 3 at 4; *see* U-1 SRF, Tab 6 at 14, 38-40.  A stay granted pursuant to 5 U.S.C. § 1214(b) is issued as a means of minimizing the adverse consequences of a prohibited personnel practice, providing time for a full investigation and settlement negotiations, and safeguarding the status quo ante while the interested parties prepare their cases for presentation to the Board.  *Special Counsel v. Department of Veterans Affairs*, 60 M.S.P.R. 40, 41 (1993).

¶9    The Board has made clear that the purpose of a stay is to preserve the status quo ante, not simply the status quo, and therefore, if a stay is appropriate, the employee must generally be placed in the same position she held before the agency's allegedly improper actions.  *Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 454, ¶ 17 (2000).  The Board has also held that placement of an employee on administrative leave generally does not constitute a return to the status quo ante.  *Special Counsel v. Department of Transportation*, 72 M.S.P.R. 104, 107 (1996).  We decline to address the issue of Ms. Spalding's placement on administrative leave in this stay extension order.  OSC may raise issues of alleged noncompliance separately in a petition for enforcement.  5 C.F.R. § 1201.182(b).[3]

---

[2] Member Limon granted OSC's initial stay request based on an allegation of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A) in connection with Ms. Spalding's proposed removal, and therefore found it unnecessary to consider whether to grant the stay based on 5 U.S.C. § 2302(b)(8).  Order on Stay Request, ¶ 6 n.2; U-1 SRF, Tab 2.  We grant OSC's stay extension request on the same basis.

[3] Regarding the agency's assertion that OSC has raised issues regarding the merits of its prohibited personnel practices claim and so the agency should be permitted to respond

¶10     Finally, a separate determination must be made on the length of the requested stay.  *Waddell*, 105 M.S.P.R. 208, ¶ 5.  The Board may extend the period of a stay for any period that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Meyers v. Department of Housing & Urban Development*, 111 M.S.P.R. 48, ¶ 17 (2009).  It is the intent of Congress that stays not be extended for prolonged periods of time.  *Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421 (1996).  Moreover, the Board is obligated to press OSC to present corrective action cases in a timely manner.  *Id.* at 422.  Although the agency argues that OSC obtained the principal documents pertaining to its investigation 5 months ago, we note that this is OSC's first stay extension request.  U-2 SRF, Tab 3 at 10.  Additionally, the agency acknowledges that it has received requests for information and documents as recently as August 3, 2022, and it does not dispute OSC's assertion that it continues to conduct interviews in furtherance of its investigation.  *Id.*; *see* U-2 SRF, Tab 1 at 5, 7.  In light of these factors, we find that a 60-day extension of the stay is warranted, and we therefore grant OSC's request.[4]

---

to the substance of those arguments, the decision cited by the agency to support this proposition is nonprecedential pursuant to 5 C.F.R. § 1201.117(c)(2), meaning the Board is not required to follow it as binding authority.  Additionally, as previously set forth, OSC has demonstrated that it has reasonable grounds to believe that a prohibited personnel practice was committed, warranting extension of the stay while it conducts an investigation.  *Special Counsel ex rel. Perfetto v. Department of the Navy*, 83 M.S.P.R. 169, ¶ 11 (1999); *see Special Counsel ex rel. Tines v. Department of Veterans Affairs*, 98 M.S.P.R. 510, ¶ 5 (2005) (stating that a stay request need merely fall within the range of rationality to be granted); *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997) (stating that a stay proceeding is not intended to be a substitute for a complete hearing on the merits of a prohibited personnel practice claim).  Therefore, we decline to consider the agency's arguments regarding the merits of the relator's proposed removal.

[4] In its stay extension request, OSC indicates that it has obtained testimony suggesting that an agency employee referred Ms. Spalding's complaints of discrimination to the agency's Office of Inspector General (OIG) because of other complaints of racial discrimination, and indicates that it is "working to identify" the other complaints of racial discrimination that were referred to the OIG.  U-2 SRF, Tab 1 at 5, 7.  To the

**ORDER**

¶11        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on July 28, 2022, is extended through and including November 9, 2022, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or impose upon her any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for a further extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[5] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before October 25, 2022; and

---

extent OSC seeks to investigate allegations of prohibited personnel practices other than those related to Ms. Spalding's proposed removal, OSC may seek a separate stay related to those matters. *See Special Counsel v. U.S. Fish & Wildlife Service*, 64 M.S.P.R. 413, 414-15 (1994).

[5] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before November 1, 2022.

FOR THE BOARD:                    /s/ for

                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.